**SO ORDERED.**

**SIGNED this 02 day of October, 2006.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE
_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: | |
| JUSTIN WAYNE MAYER, | Case No. 06-10013 |
| JESSIKA ERIN MAYER, | Chapter 13 |
| Debtors. | |
| IN RE: | |
| RONALD A. CONNELL, | Case No. 06-10300 |
| LORA L. CONNELL, | Chapter 13 |
| Debtors. | |
| IN RE: | |
| ALLEN DALE DICK, | Case No. 06-10418 |
| JULIA DENICE DICK, | Chapter 13 |
| Debtors. | |

## MEMORANDUM OPINION

1

These three chapter 13 cases are before the Court for confirmation of the debtors' plans. The Standing Trustee has objected to the confirmation of all three plans because debtors' counsel have provided for the payment of attorneys' fees in excess of the "presumptive" chapter 13 fee that this Court established two years ago in *In re Reimer,* Case No. 04-10204; *In re Sharp,* Case No. 04-10230; *In re Bryant,* Case No. 04-10322; and *In re Sanders,* Case No. 04-11791.[1] Counsel request that the presumptive fee be adjusted upward in light of significantly increased burdens on debtors' attorneys since the enactment and effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA).[2]

Following a hearing held on July 18, 2006, the Court took the issue of an increase in the presumptive fee for chapter 13 cases under advisement. William H. Zimmerman, Jr. appeared as counsel for the debtors Mayer. David J. Lund appeared as counsel for debtors Connell and Dick. The Standing Trustee, Laurie B. Williams appeared in person. After hearing the proffer of debtors' counsel and the statements of the Standing Trustee, the Court concludes that the increased workload and responsibilities of lawyers filing chapter 13 cases in the wake of BAPCPA merit an increase in the presumptive fee from $2,000 to $2,500.

In the past, this Court has considered the matter of a presumptive fee for chapter 13 filers. In *In re Reimer*, entered in 2004, the Court considered whether the presumptive fee allowed to chapter 13 filers should be increased from $1,500 to $2,000.[3] At that time, the Court concluded that,

---

[1] For ease of reference, these cases will be collectively referenced as *In re Reimer. See In re Reimer*, Case No. 04-10204 (Bankr. D. Kan. July 29, 2004) (Nugent, C.J.), Order on Debtors' Attorney's Fees, Dkt. 21.

[2] BAPCPA was signed into law on April 20, 2005 and most of its provisions became effective October 17, 2005.

[3] *In re Reimer,* Case No. 04-10204, Dkt. 21 at 2.

2

based on the evidence presented by the debtors' attorneys (who are the same attorneys seeking this increase today) and a consideration of the factors that govern the allowance of fees in bankruptcy cases,[4] the requested increase was more than justified. At the hearing in the instant matter, attorneys Zimmerman and Lund presented argument concerning what each of them must now do to prepare and complete a petition and accompanying filings under BAPCPA. Although neither counsel testified under oath and the only documentary evidence presented were exhibits offered by the trustee concerning confirmation, the Court concludes that the attorneys' statements, along with the Courts inherent understanding of what additional work may be required in a BAPCPA case, more than support the requested increase.

Both counsel advised that preparation of chapter 13 cases under BAPCPA requires more and longer counsel meetings than cases under the former law. Mr. Zimmerman stated that it takes some 12 to 15 hours to prepare a petition to file, particularly when the debtors are "long-form" debtors (*i.e.*, debtors whose current monthly income as determined by 11 U.S.C. § 707(b)(2) and § 1325(b)(3) is above the median income level). In addition, Mr. Zimmerman suggested that "signing" meetings, the time at which debtors meet with the their counsel to sign and prepare the pleadings to file, can last as long as three hours. Frequently, debtors appear at these meetings and "something has changed," meaning that the debtors have received a bonus or additional pay that necessitates a change in the current monthly income calculation and therefore requires re-entry and re-calculation of the information contained on Official Form B22C. Mr. Zimmerman noted that, in prior years, a debtor could dismiss and re-file at least once with some impunity if the first filing was somehow flawed. With the advent of BAPCPA, however, dismissal and re-filing comes at a heavy

---

[4] *See* 11 U.S.C. § 330.

3

Case 06-10418   Doc# 26   Filed 10/02/06   Page 3 of 7

price, the limitation or loss of the automatic stay under § 362(c), so the dismissal-refiling sequence is no longer an option.[5] The price of error is very high. Mr. Zimmerman stated that his normal hourly rate is $175, a rate which is more than justified by his long experience and significant expertise in practicing before the Court.

Mr. Lund, who is also a frequent practitioner before this Court, agreed that the effort involved in preparation of a chapter 13 filing is significantly increased under BAPCPA. There is more information to compile and file, there are credit counseling and financial management course duties to monitor and track, and there is significant redaction to be done on pay stubs, tax returns, bills, etc. In addition, Mr. Lund pointed out that since *In re Reimer* was issued in 2004, this District has implemented mandatory CM/ECF,[6] requiring counsel to increase staffing to monitor e-mail notice of pleadings and to execute electronic filing in conformance with the Court's rules.[7] Many more documents must be filed. Lund estimates that he spends at least a half of day with clients in meeting and preparing filings, even when the clients are well-prepared. Lund's hourly rate is $150.

Both counsel stressed that their fees are designed to cover an attorney's service in a chapter 13 case from the commencement of the case through completion of the plan. As the Standing Trustee pointed out, as much as 90 percent of the time and effort involved in representing a chapter 13 debtor is invested at the front-end. She stated that, in her office, BAPCPA cases took as much as three times longer to set up and administer than did pre-BAPCPA cases. The Standing Trustee

---

[5] *See* 11 U.S.C. § 362(c)(3) and (4) (2005).

[6] CM/ECF is the acronym for Case Management/Electronic Case Filing, the system utilized by the District for generating and administering electronically-filed cases.

[7] *See* D. Kan. Bankr. S.O. 05-3 implementing the CM/ECF system effective September 1, 2004.

4

also stated that she did not favor a fee system that allowed partial fees as certain milestones in the case were met (*i.e. a la carte* fees). She believes it is easier to administer a presumptive fee system.

The Court concludes that, based on the hourly rates of the attorneys in these cases and amount of time counsel is required to spend in the preparation and filing of BAPCPA cases, a presumptive fee of $2,500 is entirely justified. If Mr. Zimmerman expends 12 hours in preparation and three hours at a signing, he has incurred a bill of more than $2,500 before ever appearing in court or attending the first meeting of creditors. The Court recognizes that some cases are more difficult and time consuming than others and that counsel will become more efficient as they become better acquainted with the practices under BAPCPA. Nevertheless, because it is imperative that competent and compensated counsel be motivated to seek, accept and handle chapter 13 cases in this District, an increased presumptive fee is warranted.

Such a fee is also well-within the parameters set by the Bankruptcy Code. As this Court noted in *In re Reimer*, 11 U.S.C. § 330(a)(4)(B)(2005) authorizes the Court to allow reasonable compensation to an attorney representing an individual debtor in connection with a chapter 13 case. The Court's allowance is to be "based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." These last words of § 330(a)(4)(B) fairly implicate the application of the § 330(a)(3) factors in determining the reasonableness of any fee allowed. These factors include "all relevant factors," and encompass: (A) the time spent; (B) the rate charged; (C) the necessity and benefit of services at the time they were rendered; (D) whether the services were performed within a reasonable amount of time given their complexity and importance; (E) whether the attorney has demonstrated skill and experience in bankruptcy; and (F) whether the compensation is reasonable given customary compensation charged

5

by comparably skilled practitioners in nonbankruptcy cases. Substantial discretion is therefore accorded the Court in setting and allowing debtors' attorney's fees under the statute. This Court also noted in *Reimer* that application of the lodestar in each and every case would be inappropriate for several reasons, not the least of which would be the significant time and expense incurred by the parties and the Court in preparing and reviewing detailed applications for compensation. Given the increasing volume of chapter 13 cases in this District, there is no reason to digress from the analysis in *Reimer*.

Accordingly, this Court concludes that the presumptive debtors' attorney's fee in chapter 13 cases shall be $2,500.[8] In the event counsel believes additional fees are warranted, for whatever reason, counsel will be required to submit a customary fee application, with detailed time records from the outset of the representation, for the consideration of the trustee, the creditors, and the Court, consistent with this Court's fee guidelines.[9] Nothing in this Order precludes the trustee or the creditors from challenging the allowance and payment of a presumptive fee in any case where it is believed the fee award is undeserved, unearned, or unreasonable. Naturally, evaluation of such challenges may require access to detailed time records and debtors' counsel are advised to proceed accordingly.

Conclusion

---

[8] The Court is aware of other districts within the Tenth Circuit that have raised their chapter 13 presumptive fee since the enactment of BAPCPA. *See In re Mullings,* Case No. 06-80164 (Bankr. E.D. Okla. July 26, 2006) (Cornish, J.) ($3,750 presumptive fee); *In re Attorneys' Fees in Chapter 13 Cases*, Misc. Case No. 06-50001 (Bankr. D. Utah 2006) (per curiam) ($2,750 presumptive fee).

[9] Professional Fee and Expense Guidelines in Bankruptcy Cases Pending Before the Honorable Robert E. Nugent effective January 31, 2002. *See* http://www.ksb.uscourts.gov/Docs/JRENFeeGuidelines011102.pdf

The Trustee's objections to confirmation as they relate to the debtors' attorney's fees provisions in the respective plans are OVERRULED. This Court's holding that the presumptive fee shall be $2,500 for any chapter 13 case shall apply herein and to any case filed on or after July 18, 2006, the date of the hearing in these matters. Debtors' plans are confirmed and the Trustee will prepare the appropriate orders.

IT IS SO ORDERED.

# # #